PRESHO STATE BANK, Respondent, v. NORTHWESTERN MILLING COMPANY, Appellant.

(185 N. W. 370.)

(File No. 4945. Opinion filed November 28, 1921. Rehearing denied January 30, 1922.)

1. **Appeals—Brief—Assignments of Error, Grouping of "Specifications of Error" Distinguished—Rule—Specifications Not Rejected.**

The rules of this Court do not contemplate a change in form of assignments of error, but contemplate merely that assignments of error raising germain questions shall be grouped together in appellant's brief; and while it was not contemplated that "specifications of error" shall be those grouped to constitute an assignment of error, yet, the matters sought to be urged herein being apparent under so-called "assignments" through specifications referred to, there is sufficient to present errors complained of.

**2.  Appeals—Instructions, Non-specifications of Grounds of Exception To, Disregard of Court Rules Re, Effect as Mistrial Warranting New Trial.**

Wilful disregard by trial court of rules 25, 26, 27, governing Trial Courts of Record, wherein they require specification of particular grounds upon which the giving or rejection of an instruction is objected to, or excepted to, will be deemed to warrant a new trial because of mis-trial for such defect; and this Court will, whenever such disregard is brought to attention on appeal, grant a new trial therefor, regardless of whether sought upon that ground; since the working of those rules, established pursuant to Laws 1913, Ch. 163, have fully demonstrated their value in having almost entirely removed a heretofore fruitful source of error.

McCoy, J., not sitting.

Appeal from Circuit Court, Lyman County.  Hon. WILLIAM WILLIAMSON, JR., Judge.

Action by Presho State Bank, a corporation, against the Northwestern Milling Company, a corporation.  From a judgment for Plaintiff, and from an order denying a new trial, Defendant appeals.  Reversed.

*Bartine & Bartine,* and *Frank C. Wederath,* for Appellant.

*Brown & Brown,* and *F. E. Muller,* for Respondent.

PER CURIAM.  This appeal is from a judgment and an order denying a new trial.  Respondent questions the sufficiency of appellant's assignments of error.

[1] Appellant evidently has misread the rules governing appeals.  These rules do not contemplate any change in form of assignments of error, but merely contemplate that those assignments which raise germane questions shall be grouped and discussed together in the appellant's brief.  Appellant seems to have understood that the "specifications of error" were to be so grouped, and each group was to constitute an assignment of error, While the method followed was incorrect, yet the matters sought to be urged in this court are made apparent under the so-called "assignments," through the specifications referred to therein.  We therefore deem that there is sufficient to present the errors complained of.

[2] The printed record herein discloses that the trial court utterly disregarded rules 25-27 of the rules governing trial courts of record; and yet these rules, established, as they were, under the provisions of chapter 163, Laws 1919, are the law of this

state, and binding, as such, upon the courts to which they apply. The workings of these rules, as evidenced by a comparison of the records filed in this court since their establishment with those filed previous thereto, have fully demonstrated their value, in that they have almost entirely removed a heretofore fruitful source of error. We can but consider a willful disregard of such rules by a trial court misconduct resulting in a mistrial of any action wherein it shall occur. Furthermore, we regard it such a mistrial as to require this court, whenever it comes to our attention upon appeal, to grant a new trial therefor, and this regardless of whether a new trial has been sought upon that ground.

The judgment and order appealed from are reversed.

McCOY, J., not sitting.