PRESHO STATE BANK, Respondent, v. NORTHWESTERN MILLING COMPANY, Appellant.

(186 N. W. 560.)

(File No. 4945.   Opinion filed January 30, 1922.)

1.  **Trials—Instructions, Court Rules Re Pursuant to Legislation, Whether Acquiescence in Error Bars Right to Object, Statutes Re—Legislative Act Re Instructions as Mandatory, Rights Non-waivable.**

On rehearing (45 S. D. 58, 185 N. W. 370), held, that respondent's contention that acquiescence by appellants in trial court's failure to follow Rules 25, 26, and 27 of Trial Courts of Record, promulgated pursuant to Laws 1919, Ch. 163, are subject to Sec. 47, Code 1919, providing that acquiescence in error takes away right of objecting to it, is untenable; that said rules, promulgated under express direction of the Legislature, have all the force of mandatory instructions; that attorneys, even with trial court's consent, have no power to waive same.

2.  **Rehearing—Disregard of Promulgated Court Rules Re Instructions—Petition Expressing Doubt Whether Rules Disregarded, Counsel's Oral Admission to Contrary on Argument, Effect.**

Wherein this petition for rehearing contains a statement expressing doubt as to whether the rules covering instructions in trial court, in question, were disregarded by that court, this Court assumes that it was junior member of respondent's counsels' law firm who prepared the petition for rehearing, inasmuch as senior counsel on the argument herein announced that such rules were disregarded below; in the light of which admission counsel may not suggest the contrary, especially when printed record advises of truthfulness of admission.

On rehearing. Rehearing denied.

For former decision see 45 S. D. 58, 185 N. W. 370.

*Bartine & Bartine,* and *Frank C. Wederath,* for Appellant.

*Brown & Brown,* and *F. E. Mullen,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: Failure to comply with court rules should operate as a mis-trial, giving each party on re-trial a right to contest for legal rights, but should not operate to deprive appellant of right to request instructions, except to refusal to give them, and to take exceptions to charge in manner provided by rule for settlement of charge.

Respondent cited: 3 C. J. 689; McPherson v. Julius, 17 S. D. 122, 95 N. W. 434; Reed v. Boland, 31 S. D. 316.

PER CURIAM. Respondent, criticizing the opinion of this court reported in Presho State Bank v. Northwestern Milling Co., 45 S. D. 58, 185 N. W. 370, prays for a rehearing. We refer to such opinion for an understanding of the question passed upon. Respondent, basing its argument upon two statutes of this state—R. C. 1919, § 47, "Acquiescence in error takes away the right of objecting to it," and R. C. 1919, § 46, "He who consents to an act is not wronged by it"—most strenuously contends that such sections are controlling in this case, and that this court erred in reversing the trial court because of its failure to comply with the rules for trial courts of record. Respondent also expresses some doubt as to whether the files and records in the case disclose that the rules were disregarded by the trial court.

[1] That there may be no question as to the position of this court herein, we announce that the rules in question, promulgated under express direction of the Legislature, have all the force of mandatory statutes, and that attorneys, even with the consent of a trial court, have no power whatsoever to waive same. To hold otherwise would practically nullify such rules where the trial

courts might desire their observation to be waived.  One can readily see the embarrassing position in which it would place an attorney if, in opposition to the known wishes of the trial judge, he should feel required to insist upon the observance of such rules. We cannot approve anything that would inevitably lead to the consequences so clearly apparent.

[2]   We assume that it was the junior member of the firm of counsel representing respondent who prepared the petition for rehearing, as we feel certain that the senior member of such firm must be in ignorance of at least that part of its contents which expresses doubt as to whether the rules in question were disregarded upon the trial of this action.  Senior counsel argued this cause before this court and openly announced that such rules were entirely disregarded upon such trial.  In the light of such admission, counsel are not now in a position to suggest the contrary, especially when the printed record before us fairly advised us of the truthfulness of such admission.

The rehearing is denied.