---

WEIBEL, Respondent, v. GARDNER, et al., Appellants.

(187 N. W. 629.)

(File No. 4787.  Opinion filed March 31, 1922.)

1.  Courts—Rules of Court—Trial Courts of Record, Rules 25, 27, Re Instructions—Supreme Court's Power To Promulgate, Constitution, Statute, As Basis—Presho State Bank Case Adhered To.

Notwithstanding respondent's severe criticism of the decision in Presho State Bank v. Northwestern Milling Co., 185 N. W. 370, and (on rehearing) 186 N. W. 560, holding that Rules 25 and 27 of Trial Courts of Record, as promulgated by this Court are the law of this state and binding upon courts to which they apply, said decision is adhered to. This Court has a "general superintending control" over trial courts. Const., Art. 5, Sec. 2, and said rules were promulgated pursuant thereto and to Laws 1919, Ch. 163, authorizing and requiring this Court to establish and promulgate rules of practice in civil and criminal actions governing modes of trial and instructing juries therein; and the duty thus devolving upon this Court justifies resort to means it is felt will most certainly bring desired results. So held, where original brief on appeal did not assign error in instructions or in manner of settling same, but where appellant, relying upon the decision above cited, rendered after

original brief filed, assigns error for disregard of said rules. and prays reversal therefor.

2. **New Trial—Instructions, Settlement of, Exceptions To Under-Court Rules—Prepared and Submitted to Counsel By Court, No Exceptions, Effect—Presho Bank Case Distinguished.**

Where trial court prepared instructions and gave a copy to counsel on each side, none being asked by them and no objections being made to those so submitted and then read to jury, no claim being made that they did not fairly and fully present the law of case, held, that while Rules 25, 27, of Trial Courts of Record were thus disregarded in settlement of instructions, no prejudice to appellant resulted; and case will not be remanded for new trial for such alleged error; it being assumed that if either party had excepted, court would have proceeded under rules.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by B. P. Weibel, against N. E. Gardner and another. From a judgment for plaintiff, defendants appeal. On motion to strike from the files appellant's reply brief. Motion denied; the objectionable parts of said brief to be disregarded.

*Doherty & Talbott,* for Appellants.

*W. J. Hooper,* for Respondent.

PER CURIAM. Respondent seeks an order of this court striking from the files practically all of appellants' reply brief, or an order that respondent be permitted to file a supplementary brief.

[1] It appears that this case was tried in circuit court in October, 1919; that appeal was taken within a reasonable time; but that its final submission to this court was unusually delayed. Because of such delay, it happened that the time within which appellants would have a right, under the rules of this court, to file a reply brief, had not expired when this court handed down its two decisions in Presho State Bank v. Northwestern Milling Co., reported in 185 N. W. 370, and 186 N. W. 560. Appellants' original brief did not present any assignment based upon claimed errors in instructions or manner of settling same, but, in the reply brief, appellants state that the trial court failed to comply with the rules of this court in the settling of the record; and relying upon our decisions in the Presho Bank Case, they ask for a reversal and for a new trial in the circuit court.

Respondent severely criticizes our decisions in the Presho Bank Case; but we are not persuaded that we erred in such decisions. This court has a "general superintending control" over trial courts. Section 2, art. 5, Constitution. Rules 25 and 27, governing trial courts of record, were promulgated under our constitutional power and in compliance with express legislative direction. Chapter 163, Laws 1919. We can add nothing to what we have already said as to the wisdom of our rules as demonstrated by the results revealed by appeal records coming to this court since such rules went into effect. These records establish to our entire satisfaction the truth of the words of a practicing attorney, who after the decisions in the Presho Bank Case, wrote to a member of this court, and, after commending the words used in the second of said decisions when speaking therein regarding the embarrassing position in which the disregard of these rules had often placed himself and other attorneys, stated:

"The rule is certainly a just one, and if so viewed by the profession would be of immeasureable benefit not only in reviewing the case if further necessary, but also preventing the necessity of reviewing the case."

We do not recede from the position taken in our decisions in the Presho Bank Case, and are of the opinion that the duty resting upon us to enforce the rules justifies us in resorting to that means which we feel will most certainly bring the desired results.

[2] However, we do not believe that the facts before us entitle appellants to a new trial. The facts are wholly different from those in the Presho Bank Case. In the Presho Bank Case appellant asked for certain instructions, and they were refused. The court then gave instructions without giving to counsel any opportunity to except to same before they were given; but such instructions were excepted to after they had been given by the court. The above appeared from the printed record, and was substantiated by the frank statement of respondent's counsel, made in open court, to the effect that the trial court did wholly disregard the rules pertaining to the settling and giving of instructions. In the case now before us appellants' attorney admits that because of the time that has elapsed, he has not a clear memory as to what took place at the trial. He states his recollection

to be that, after the evidence was in, a recess was taken, during which the trial court prepared its instructions; that no instructions were asked by either party; that, when court reconvened, a copy of such instructions was given to each attorney; that the attorneys were given time to read such instructions; that neither party made any objection to the instructions; and that the instructions were read to the jury. No exceptions were at any time taken to the instructions; nor is there any claim on the part of the appellants but that they fairly and fully presented the law of the case.

While the trial court did not follow rules 25 and 27 as it should, yet we do not believe that there was any willful intention to violate such rules. We think it can fairly be assumed that, if either party had expressed a desire to except to any instructions, the court would then have proceeded in accordance with such rules.

It is clear that the rights of appellants were in no manner prejudiced by the action of the trial court. This court, therefore, should not and will not remand the case for a new trial. That portion of appellants' reply brief objected to by respondent will be disregarded by this court.