STATE, Respondent, v. KROGH, Appellant.

(198 N. W. 559.)

(File No. 5229.    Opinion filed May 1, 1924.)

1. · Courts—Court Rules—Second Paragraph of Trial Rule 25 Should
Be Corrected by Changing "Rule 26" in First Line to "Rule
27."

As to trial court rules, the second paragraph of rule 25
should be corrected by changing "rule 26," where used in the
first line of paragraph, to "rule 27," so that the corrected
paragraph shall read, "all instructions, except those given un- ·
der rule 27, infra, shall be reduced to writing," etc.

2. · Criminal Law—Trial—Instructions—Waiver — Accused Held to
Have Waived Right to Reduce Oral Instructions to Writing
and to Have Them Settled, and Giving of Such Instructions
Was Not Misconduct of Court.

In failing to make suggestions and to take exceptions to
trial court's oral instructions, and in assenting to such instruc-
tions, accused waived the right to have them reduced to writ-
ing and settled under trial court rule 26, in view of rule 27,
which permits parties to waive such right.

Appeal from Municipal Court of Sioux Falls; Hon. MARTIN
BERGH, Judge.

Peter Krogh was convicted of violation of the prohibition
law, and, from the judgment and an order denying his motion
for a new trial, he appeals.    Affirmed.

*Lynch, Doyle & Smith,* of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General, and *L. E. Waggoner,*
State's Attorney, of Sioux Falls, for Respondent.

(2)    To point two of the opinion, Appellant cited: State v.
Mitchell, 193 N. W. 310; Thompson on Trials, 2nd Ed., Sec.

2375; Hopt v. People, 104 U. S. 631, 26 L. ed. 873; Presho State Bank v. Northwestern Milling Co., 185 N. W. 370.

Respondent cited: 15 C. J. 911.

POLLEY, J.   Appellant was convicted on an information charging him with the violation of the prohibition law, and, from the judgment rendered on the verdict, and from an order denying his motion for a new trial, he appeals to this court.   Only one of several errors assigned merits consideration.

[1, 2]   No requests for instructions were made by either party, and the court at the close of the testimony proceeded to instruct the jury orally.   At the close of the instructions the court put this question to counsel for both parties:

"Are the attorneys on both sides satisfied with these instructions, and have either of you any suggestions to make?"

Both sides assented to the instructions as given by the court. No suggestions were offered, and no exceptions were taken.   It is not claimed that appellant was in any way prejudiced by the instructions nor the manner in which they were given, but he contends that in giving the instructions orally and without having them "settled," as required by trial rules 25 and 26, the court was guilty of such misconduct as to entitled him to a new trial.

We believe there was a substantial compliance with these rules.   The second paragraph of rule 25 should be corrected by changing "rule 26," where used in the first line of said paragraph, to "rule 27."   As so corrected, this paragraph reads:

"All instructions, except those given under rule 27, infra, shall be reduced to writing before being given and after being 'settled' shall be read to the jury by the court without any disclosure to indicate which are and which are not 'requested' instructions."

By rule 27 parties to an action may waive the reducing of all or some designated part of the instructions to writing and the settling of the same.   In such case the court may give all or such designated part of its instructions orally.   By their conduct in this case counsel waived the reducing of the instructions to writing and the settling of same.   The instructions were given under the provisions of rule 27, and there was no misconduct or error on the part of the court in giving the same.

The judgment and order appealed from are affirmed.

Note.—Reorted in 198 N. W. 559. See, Headnote (1), American Key-Numbered Digest, Courts, Key-No. 82, 15 C. J. Sec. 294 (1925 Anno.); (2) Criminal Law, Key-No. 847, 16 C. J. Sec. 2513.