URBAN, Respondent, v. HUBBARD & PALMER CO., Appellant.

(228 N. W. 389.)

(File No. 6535. Opinion filed December 31, 1929.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Respondent.

CAMPBELL, J. Plaintiff was the owner of certain real estate in the vicinity of Humboldt, S. D., and defendants operated an elevator in the town of Humboldt. During the farming season of 1926, plaintiff's land was operated by one Maloy under a certain cropper's contract, by the provisions of which title to all crops and produce remained in plaintiff landowner until division, which division was ultimately to be made in the proportion of two-fifths to the landowner and three-fifths to the cropper. The contract also provided in part as follows:

"Party of the first part (that is, the cropper) * * * further agrees * *.* not to sell or remove or suffer to be sold or removed any of the produce of said farm or premises, of any kind, character or description, until the division thereof, without the written consent of the party of the second part (that is, the landowner) and until such division, the title and possession of all hay, grain crops and produce raised, grown or produced on such premises shall be and remain in party of the second part (that is, the landowner), and said party of the second part (that is, the landowner) has the right to take and hold enough of the crops that would, on the division of the said crops belong to the party of the first part (that is, the cropper), to repay any and all advances made him by party of the second part (that is, the landowner) and interest thereon at 8 per cent per annum, and also to pay all indebtedness due said party of the second part (that is, the landowner) by said party of the first part (that is, the cropper), if any there be."

The cropper, Maloy, delivered to defendant at its elevator in Humboldt 682 bushels and 12 pounds of corn raised on the premises during the season of 1926, being the two-fifths part of certain white corn and the entire amount of certain yellow corn so raised on said farm during the year 1926. Plaintiff claimed that there had been no division of the crop in question prior to delivery to the elevator, and that said delivery was entirely unauthorized, and

at a time when no title to any part of the corn had yet vested in Maloy, and further claimed that Maloy was indebted to her in a sum greater than the entire value of the three-fifths of the corn to which he might have become entitled upon division but for the existence of said indebtedness. Under these circumstances, plaintiff instituted the present action for conversion of the corn in question.

The case was tried to a jury and a verdict returned upon all the issues in favor of plaintiff and against defendant, assessing plaintiff's damages at the sum of $367.71, being the value of 682 bushels and 12 pounds of corn at 54 cents per bushel.

From judgment entered upon said verdict and the order denying its motion for new trial, defendant has appealed.

Appellant contends that the evidence was insufficient to support the verdict of the jury, and that error was committed in instructing the jury.

There was a square conflict in the testimony as to whether or not division was made, but, assuming that the law of the case was properly established by the instructions of the court, there was sufficient evidence, if believed by the jury, to support the finding implicit in their verdict that no division was made, and sufficient evidence to justify the placing of the market value at 54 cents per bushel.

With reference to the claimed error in the instructions, it appears from the record in this case that the instructions were not settled and reduced to writing as contemplated by the rules of court, but were given orally; the following stipulation being entered into by counsel in that regard:

"It is stipulated that the court may give its instructions orally without being required to settle same in the manner provided by law and that either party may take exceptions thereto any time before judgment."

The method of giving and settling instructions is set out in Rules 25 and 26 for trial courts of record. Rule 27 provides as follows:

"*Instructions—Oral—Waiver of Exceptions.* Parties to a cause on trial may, by consent made in open court and entered of record, waive the reducing of all or some designated part of the instructions to writing and the settling of same. In such case the court

may give all or such designated parts of its instructions orally. If the trial court shall be of the opinion that the jury should be instructed upon some matter or matters not covered in any 'requested' instruction, he shall advise counsel of his intention to give instructions covering such matter or matters and, unless the court is requested to reduce such proposed instruction or instructions to writing, it may instruct orally on such particular matter or matters, and such failure of both counsel to request a written instruction shall be deemed a waiver of written instructions as to such particular matter or matters. Such consent to oral instructions, or waiver of written instructions to a particular matter or matters, shall be deemed a waiver of all exceptions or objections that might otherwise have been taken to such instructions; and any oral instruction given under any provision of this rule shall not be taken by the stenographer and shall form no part of the settled record."

■■ It is the plain intendment of these rules that all exceptions to instructions shall be taken and the instructions settled and reduced to writing before being given, unless by consent in open court and entered of record the reduction to writing and settlement of all or part of the instructions is waived, in which event all or part of the instructions (as the case may be) may be given orally. Rule 27 very definitely and clearly provides that consent to oral instructions or waiver of written instructions as to a particular matter or matters shall be deemed a waiver of all exceptions or objections that might otherwise have been taken to such instructions. This rule is not subject to repeal or abrogation by stipulation of counsel. The parties having in open court consented to oral instructions, Rule 27 becomes operative and this court will not on appeal consider any exceptions or objections attempted to be taken thereto. If it is desired to raise such questions, Rules 25 and 26 must be complied with.

In fairness to counsel, we desire to say that the stipulation above referred to appears to have been fairly and openly entered into, and neither party has sought to repudiate it in any manner or degree, nor have counsel for either party argued or suggested, directly or indirectly, that the stipulation should not be given full force and effect in every respect and particular. Our holding on this point is entirely of the court's own motion, and is based upon the proposition that this court will refuse to recognize the validity

of such portion of any stipulation regarding procedure as is in direct opposition to the positive requirements of the rules of court.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.