HEYL, Appellant, v. WAGGONER, et al, Respondents.

(236 N. W. 375.)

(File No. 6583. Opinion filed May 4, 1931.)

*Mundt '&' Mundt,* of Sioux Falls, for Appellant.
*Coon & Coon,* of Sioux Falls, for Respondents.

POLLEY, P. J. In this action plaintiff seeks to recover damages for injuries received by him when a motorcycle he was riding collided with defendant's automobile. The verdict and judgment were for defendants, and plaintiff appeals.

Numerous assignments are predicated upon rulings of the court during the trial, and upon the giving of certain instructions and the refusal to give other instructions requested by plaintiff. Our attention is also called to the fact that the trial court in instructing the jury wholly disregarded rules 25, 26, and 27 of the rules prescribed by this court for the guidance of trial courts in the trial of causes.

In this case the instructions were not reduced to writing nor "settled," but were given orally by the court and without giving the parties an opportunity to object to or take exceptions to such instructions until after the same had been submitted to the jury. The reason, or at least one of the principal reasons, for adopting these rules, was to obviate the vice of allowing exceptions to be taken to instructions after they had been submitted to the jury and after it was too late to make changes or corrections therein.

The effectiveness of these rules, 25, 26, and 27, was first submitted to the court in Presho State Bank v. Northwestern Milling Co., 45 S. D. 58, 185 N. W. 370, 23 A. L. R. 48. In this case the court commenting upon these rules uses the following language: "The printed record herein discloses that the trial court utterly disregarded rules 25-27 of the rules governing trial courts of record; and yet these rules, established, as they were, under the provisions of chapter 163, Laws 1919, are the law of this state, and binding, as such, upon the courts to which they apply. The workings of these rules, as evidenced by a comparison of the records filed in this court since their establishment with those filed previous thereto, have fully demonstrated their value, in that they have

almost entirely removed a heretofore fruitful source of error. We can but consider a willful disregard of such rules by a trial court misconduct resulting in a mistrial of any action wherein it shall occur. Furthermore, we regard it such a mistrial as to require this court, whenever it comes to our attention upon appeal, to grant a new trial therefor, and this, regardless of whether a new trial has been sought upon that ground."

In that case the respondent filed a petition for rehearing, 45 S. D. 147, 186 N. W. 560, in which it complained very bitterly of the position taken by the court in regard to said rules, but the petition was denied, and the court in a short opinion filed with the denial uses the following language: "That there may be no question as to the position of this court herein, we announce that the rules in question, promulgated under express direction of the Legislature, have all the force of mandatory statutes, and that attorneys, even with the consent of a trial court, have no power whatsoever to waive same. To hold otherwise would practically nullify such rules where the trial courts might desire their observation to be waived. One can readily see the embarrassing position in which it would place an attorney if, in opposition to the known wishes of the trial judge, he should feel required to insist upon the observance of such rules. We cannot approve anything that would inevitably lead to the consequences so clearly apparent."

The question was again before the court in Weibel v. Gardner et al, 45 S. D. 349, 187 N. W. 629, 23 A. L. R. 50. This case was distinguished from the Presho Bank Case, but we said: "We do not recede from the position taken in our decisions in the Presho Bank Case, and are of the opinion that the duty resting upon us to enforce the rules justifies us in resorting to that means which we feel will most certainly bring the desired results."

The opinions in the Presho Bank Case and the Weibel Case were written by Judge Whiting, who was the author of rules 25, 26, and 27. In Urban v. Hubbard & Palmer Co. (S. D.) 228 N. W. 389, the parties to the action entered into the following stipulation: "It is stipulated that the court may give its instructions orally without being required to settle the same in the manner provided by law and that either party may take exceptions thereto any time before judgment."

We held that this stipulation was a waiver of all objections and exceptions that might otherwise have been taken to the instructions, that rule 27 become operative and that we would not on appeal consider any exceptions or objections attempted to be taken thereto.

In State v. Krogh, 47 S. D. 314, 198 N. W. 559, there was some relaxation of the rules by the court. Both parties assented to the giving of the instructions orally. Both sides were given an opportunity to object to the instructions as given by the court, and both sides expressed themselves as being fully satisfied with the insructions as given. This we held to be a substantial compliance with the rules, and refused to reverse the judgment for failure to comply strictly with the rules. This holding seems to be regarded by some of the trial judges as a relaxation of rule 27 by this court. The language we used may justify this belief. But such was not our intention and anything we said in the Krogh Case that can be regarded as a relaxation of either of these rules is now expressly overruled. Rules 25, 26, and 27 have proven to be of inestimable value to the litigants of this state, and shall be strictly complied with in the future. After the publication of this opinion any failure to comply with these rules will be regarded as a sufficient ground for a reversal.

In the present case there was no waiver of the rules by either party and no attempt or intention on the part of the court to comply with the rules. In order to save time, the court, without giving the parties any information as to what the instructions would be or an opportunity to make requests for instructions, instructed the jury orally, telling the parties, on either side, that, if they were not satisfied with the instructions as given, they might take exceptions thereto after they had been given to the jury.

The circumstances in this case bring it squarely within the rule adopted in the Presho Bank Case, and, because of the failure of the court to observe rules 25, 26, and 27, a new trial will be awarded.

The judgment and order appealed from are reversed.

CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concur.