STATE, Respondent, v. GOOD, Appellant.

(237 N. W. 565.)

(File No. 6960.   Opinion filed June 23, 1931.)

*Fellows, Fellows & Whiting,* of Mitchell, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

POLLEY, P. J. Appellant was convicted in the municipal court of the city of Mitchell of a violation of the prohibition law, and brings the case here on an appeal from the judgment, and from an order denying his motion for a new trial.

Error is predicated upon the failure of the trial court to comply with the provisions of trial court rules Nos. 25, 26, and 27. It clearly appears from the record that these rules were utterly disregarded, but as a justification for such disregard, the court made the following statement: "It has been the practice since the adoption of the court rules above referred to, that the court at the conclusion of the testimony, give instructions to the jury and allow the attorneys to take exceptions any time afterwards; that the attorneys practicing here have understood this and have waived their right to settling of instructions before they are given, and that the court was under the impression that the law firm defending defendant in this case were aware of this practice here; that before the instructions were given Mr. Whiting asked the court for time to settle or waive, and the court stated to him that he might have any time in which to take exceptions, and that Mr. Whiting consented to this, but claims now that he misunderstood what the court meant, and the objection he makes to the above is that the court did not give him an opportunity to waive his right in regard to settling the instructions at the time they were given."

The fact that the trial judge had a practice peculiar to his own court is no excuse for disregarding the rules established by this court. We had occasion to consider these rules very recently in Heyl v. Waggoner, 236 N. W. 375. Upon the authority of that case, the judgment and order appealed from are reversed.

CAMPBELL, RUDOLPH, and WARREN, JJ., concurring.
ROBERTS, J., disqualified.