STATE OF SOUTH DAKOTA, Respondent, v. ROBERTS, Appellant.

(244 N. W. 389.)

(File No. 7303. Opinion filed October 4, 1932.)

R. J. *Lyons,* of Madison, and *Tom Kirby,* of Sioux Falls, for Appellant.

M. Q. *Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for Respondent.

CAMPBELL, P. J.   Defendant ·F. A. Roberts and his wife, Mable, were jointly informed against upon a charge of having intoxicating liquor in possession with intent to violate the law.   The date of the offense was stated as January 26, 1931.   Both pleaded not guilty, and were tried together.   Defendant and his wife were operating a restaurant business at Oldham in this state; the restaurant being conducted on the first floor of a certain building and a hotel or rooming house above.   There is some question in the record as to who was really the proprietor of the business.   The lease of the premises ran to the wife, Mable, and defendant claimed that the business was hers, although he assisted her to some extent in the operation thereof.

There was some evidence in the record (denied by defendant) purporting to show that he had sold intoxicating liquor on several occasions in the latter part of December, 1930.   It appears also that some testimony was introduced with reference to a search of the premises by officers with a search warrant on

January 26, 1931, the date charged in the information. From this testimony, it seems that the search was made in the evening of that day. The officers found some small empty bottles which might conceivably have contained liquor at some time or other, but there was no testimony whatever that they contained liquor or traces thereof when found. The only testimony that might tend to prove in any way the actual finding of any liquor at the time of the search was the fact that, while the officers were searching the restaurant premises on the first floor, some person unknown threw a glass container of some kind out of a second story window of the building. This glass container was picked up by a bystander, not one of the officers. The officers claim that this bystander stated to them a day or two later that what he had picked up was a bottle containing some liquor. The bystander himself, however, denied this, and, when testifying at the trial, stated that the only thing he found or picked up was a broken glass which had no smell or trace of liquor about it. However, this may be, it is admitted that on the day of the search and at the time thereof the defendant was not in the town of Oldham at all, but was at Andeberg, S. D., some miles away, so that whatever may have been thrown out of the window was not so thrown by the defendant.

For some reason (doubtless entirely adequate but not disclosed by the record), the trial judge struck out and withdrew from the consideration of the jury all testimony of the officers as to what they did or saw while conducting the search of January 26, 1931, together with all the empty bottle exhibits procured by them in their raid. The court instructed the jury (to which instructions no exceptions were taken) that they could not convict the defendants unless they found as a fact that the defendants, on January 26, 1931, had intoxicating liquor in possession with intent to violate the law, and that they could only consider evidence of prior sales by the defendant F. A. Roberts in connection with determining his intent in having possession of liquor on January 26, 1931, if they found as a fact that he did have liquor in possession on January 26. The jury acquitted the defendant Mable Roberts and convicted the defendant F. A. Roberts, and from judgment entered upon said verdict and a denial of his motion for new trial he has now appealed.

■ Appellant makes substantially the same point by two contentions. He maintains that the verdict was in disregard of the instructions, and therefore should be set aside, and further urges that the evidence was insufficient to sustain any verdict under the instructions. It is the law of this state that instructions unexcepted to become the law of the case, and a verdict in disregard thereof should be set aside on motion for a new trial. Gartner v. Mohan, 39 S. D. 202, 163 N. W. 674. It is also the law that, in reviewing a motion for new trial on the ground of insufficiency of the evidence where the instructions appear in the record and no exceptions have been taken thereto, the sufficiency of the evidence to support the verdict returned must be tested by the rule of law as laid down in the instructions. Tabor State Bank v. Rollins, 54 S. D. 521, 223 N. W. 726; Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296. Under the court's instructions in this case that the appellant must be acquitted unless the jury found beyond a reasonable doubt that he had intoxicating liquor in his possession on January 26, it is difficult to see how there was anything left in the record (particularly in view of the absence of the defendant at the time of the raid and the striking out of all testimony with reference to the raid by the officers who made it) which could support the verdict. However, we think we need not undertake definitely to determine the question of sufficiency of the evidence, inasmuch as appellant has assigned a further error which seems decisive of the case.

■ ■ After the jury had retired, they came back requesting some further light from the court, and the trial judge, in the absence of appellant and without notice to appellant or his counsel, gave some additional instructions and explained his previous instructions to some extent without in any manner settling the same and in entire disregard of rule 25 for trial courts which provides that "the court shall in no case qualify, modify or in any manner explain to the jury any written instructions then or theretofore given unless such qualification, modification or explanation shall first have been reduced to writing and made a part of such instruction and settled."

The foregoing rule applies both to civil and criminal actions. Rule 45, Trial Courts. We have quite recently (Heyl v. Wag-

goner, 58 S. D. 420, 236 N. W. 375; State v. Wood, 58 S. D. 444, 237 N. W. 565) reiterated the doctrine announced in Presho State Bk. v. Northwest. Milling Co., 45 S. D. 57, 185 N. W. 370, 23 A. L. R. 48; Id., 45 S. D. 147, 186 N. W. 560, and have emphasized that disregard of the rules with reference to settling instructions is ground for reversal, and that, when such rules are patently disregarded, the case will · be reversed without inquiring into any questions of prejudice. The state concedes the flagrant disregard of the rule in this case, but urges that it was not prejudicial, and cites State v. Mitchell, 46 S. D. 272, 192 N. W. 487, where this court refused to reverse because of disregard of that portion of rule 25 which requires that the written instructions shall be taken by the jury on their retirement and returned into court on their verdict. The Mitchell Case is by no means parallel to this one. There the instructions were in fact reduced to writing, duly settled, and read by the judge to the jury. Inadvertently the judge neglected to send out with the jury the written and settled instructions which he had just read to them. He remedied this defect as soon as he discovered it. The instructions which he sent out to the jury after their retirement and upon discovery of his omission were the identical instructions which had been duly settled, reduced to writing, and read to them, and he did not at any time give to the jury any instructions which had not been reduced to writing and settled, and did not in any manner qualify, modify, or explain the instructions given. In that case the only departure from regular procedure consisted merely in the fact that the trial judge, when he found that he had omitted to send out the written instructions which had been given, promptly sent them out and told the jury to read them over again before arriving at their verdict. This the jury did, and then returned the instructions shortly thereafter together with their verdict. The situation there was entirely different from the instant case. Here instructions were orally given to the jury which had never been reduced to writing and settled, and instructions which had been duly settled and given were orally qualified and explained, all in the absence and without the knowledge or consent of appellant and his counsel.

The judgment and order appealed from must be, and they are, reversed.

All the Judges concur.