HOVLAND, Respondent, v. COOK, Appellant.

(257 N. W. 43.)

(File No. 7658. Opinion filed November 8, 1934.)

*Francis J. Parker,* of Deadwood, and *Martens & Goldsmith,* of Pierre, for Appellant.

*Hayes & Hayes,* of Deadwood, for Respondent.

WARREN, J. Plaintiff brought an action to recover wages for services rendered defendant as a bookkeeper in his garage and automobile sales business located at Spearfish, S. D. The action was tried by a jury and a verdict returned in favor of plaintiff. A motion for new trial was made, and the motion was denied. Thereupon a judgment entered for plaintiff. Appellant has appealed from the order and judgment, and has assigned, among other things, as error that the trial court in instructing the jury wholly disregarded rules 25, 26, and 27 of trial courts of record, in that the instructions were not reduced to writing nor settled, but were given orally by the court and without giving the parties an opportunity to object to nor to take exceptions to such instructions until after the same had been submited to the jury.

We have examined the record quite carefully as to what took place in the court's chambers at the time that counsel for the respective parties and the court met for the purpose of considering the instructions. No useful purpose would be served by reviewing the record as to what took place. The meeting of counsel and the court resulted in the court's giving oral instructions to the jury. Respondent contends that the court said: "I assume it will be satisfactory to give them orally," and that no objections were made to giving oral instructions, and that the court understood that it was assented to by both parties. Appellant specifically denied that he ever signified to the court or to opposing counsel that the instructions might be given orally, and contends that it was not necessary that he should object, but that the rules of trial courts protected him without his objection to the giving of the instructions orally. An examination of what this court has said in previous decisions lends much force and effect to appellant's contention, for in Presho State Bank v. Northwestern Milling Co., 45 S. D. 147, 186 N. W. 560 (upon a petition for rehearing), we held and announced that the rules in question promulgated under express direction of the Legislature (Comp. Laws 1929, § 2504-A) had the full force of a mandatory statute, and that attorneys even with the consent of the trial court had no power whatsoever to waive the same, and summed up the reason for so holding as follows: "That there may be no question as to the position of this court herein, we announce that the rules in question, promulgated under express direction of the Legislature, have all the force of mandatory statutes, and that attorneys, even with the consent of a trial court, have no power whatsoever to waive the same. To hold otherwise would practically nullify such rules where the trial courts might desire their observation to be waived. One can readily see the embarrassing position in which it would place an attorney if, in opposition to the known wishes of the trial judge, he should feel required to insist upon the observance of such rules. We cannot approve anything that would inevitably lead to the consequences so clearly apparent."

In Heyl v. Waggoner et al., 58 S. D. 420, 236 N. W. 375, the authorities construing the purpose and the effect of rules 25, 26, and 27 were carefully reviewed, and a distinction was made of certain cases, and we quoted with approval from Weibel v. Gard-

ner et al, 45 S. D. 349, 187 N. W. 629, 23 A. L. R. 50, as follows: "We do not recede from the position taken in our decision in the Presho Bank Case, and are of the opinion that the duty resting upon us to enforce the rules justifies us in resorting to that means which we feel will most certainly bring the desired results."

In a later decision, State v. Roberts, 60 S. D. 362, 244 N. W. 389, 391, we reviewed at considerable length the importance attached to the strict compliance with the rules, and referred to the court's error in State v. Mitchell, 46 S. D. 272, 192 N. W. 487, in overlooking the sending out of the written instructions which had been given, but promptly sent them out and told the jury to read them over again before arriving at its verdict. In commenting upon that fact, we said in State v. Roberts, supra: "Here instructions were orally given to the jury which had never been reduced to writing and settled, and instructions which had been duly settled and given were orally qualified and explained, all in the absence and without the knowledge or consent of appellant and his counsel."

It will be observed that we placed stress upon the fact that no consent had been given by the appellant and his counsel to the giving of oral instructions to the jury.

Without further review of the authorities, we must again emphasize that a disregerd of the rules with reference to settling of instructions is a ground for reversal, and that the facts as disclosed by the record in this case amount to such a disregard of the rules that they cannot go unchallenged by this court.

The order and judgment appealed from are hereby reversed.

ROBERTS, P. J., and POLLEY, CAMPBELL, and RUDOLPH, JJ., concur.