## RIGGS, Appellant v. SYROVATKA, Respondent

### (64 N. W.2d 297)

(File No. 9419.   Opinion filed May 8, 1954)

**C. C. Caldwell,** Sioux Falls, for Plaintiff and Appellant.

**Henry C. Mundt and Acie W. Matthews,** Sioux Falls, for Defendant and Respondent.

SICKEL, J.   C. L. Riggs, the plaintiff, leased a small tract of land to John E. Syrovatka, defendant, and brought this action to recover possession of the property for default in the payment of rent.   Defendant answered, claiming that plaintiff was indebted to him for services rendered in an amount exceeding the past due rent, and alleging that it was agreed between the parties that this indebtedness should be applied to rent payable under the terms of the lease; that the amount still due defendant for such services was $170 and defendant demanded judgment against plaintiff for that amount.   Plaintiff denied any agreement for services.   The jury found against the plaintiff and returned a verdict in favor of defendant on his counterclaim in the sum of $100.

Judgment was entered on the verdict, motion for new trial was denied, and plaintiff appealed.

Appellant's first contention is that the court's instructions to the jury were not settled according to rules of practice. The stenographer's transcript shows only that the proposed instructions were read by the court in chambers and that exceptions were taken after argument. It appears from the affidavit of counsel who appeared for plaintiff at the trial made in support of the motion for new trial, that at the conclusion of the evidence and in open court counsel was informed by the judge that the instructions had been prepared in writing, and that counsel could file exceptions and objections and request further instructions after those already prepared had been given to the jury; that the affiant in open court approved of this procedure; that the instructions were never settled according to SDC 33.1318 or in any manner, and that the exceptions appearing in the settled record were taken after the jury was instructed and after the arguments of counsel.

The affidavit of defendant's counsel is in substance the same as that of plaintiff's counsel, except that the statement made by the court was made after the court and counsel had retired to the court chambers, and that the court read the instructions to counsel.

In the written opinion of the trial judge denying the motion for new trial it was stated that the instructions were drafted in the course of the trial, and that after both parties had rested the instructions were read to counsel in chambers and an opportunity was given for taking exceptions and making objections after the argument.

█ It is provided by Rule 26, appearing as SDC 33.1318, that before the giving of written instructions opposing counsel must be given an opportunity to examine them as well as an opportunity to present and argue objections and exceptions. This rule may not be waived and failure to comply with its provisions is reversible error. Heyl v. Waggoner, 58 S.D. 420, 236 N.W. 375; State v. Good, 58 S.D. 444, 237 N.W. 565 and cases cited.

In this case counsel was not given an opportunity to examine the instructions nor to present and argue objections and exceptions thereto before the instructions were given, but was given an opportunity to make exceptions to instructions after they had been given to the jury. This was a violation of the rule and therefore the order denying plaintiff's motion for a new trial is reversed.

All the Judges concur.