## PEART v. CHICAGO, M. & ST. P. RY. CO.

At the conclusion of all the evidence, certain specific instructions, consistent
with the theory of the defense, were prepared and placed before the

court, with a request that the same be submitted to the jury. Without writing on the margin thereof the word "Given" or "Refused," as required by Section 5048 of the Compiled Laws, the court, without the consent of counsel, materially changed the language and import of each and gave the same to the jury as coming from the defendant with a request that the jury be thus instructed. *Held*, reversible error.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action for damages. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*H. H. Field* and *Winsor & Kittredge*, for appellant.

It was error for the court to modify and change certain instructions requested by defendant, without the consent of its counsel. Galloway v. McLean *et al.*, 2 Dak. 372.

*Joe Kirby*, for respondent.

The court having gone over the ground covered by the request, is not obliged to reiterate the charge or give it in the language of the attorney. Parliman v. Young, 2 Dak. 175; Mason v. Whilback Co., 35 Wis. 164; Andrea v. Thatcher, 24 Wis. 174; Eldridge v. Oconto Co., 33 Wis. 173.

FULLER, J. This action, for damages occasioned by a fire which originated from a passing engine alleged to be improperly equipped and negligently operated, resulted in a judgment and verdict for plaintiff. The defendant appeals therefrom, and from an order overruling a motion for a new trial. Respondent's motion to strike from the record that portion of the abstract which contains all the evidence, for the reason that the same is unauthorized, unnecessary, and was not used upon the hearing of the motion for a new trial, and because the same contains no specification of errors relating to the insufficiency of the evidence to sustain the verdict, requires no attention, for the reason that a consideration of the evidence is in no manner essential to a determination of this appeal.

At the conclusion of all the evidence, counsel for appellant submitted the following, among other instructions to the court, consistent with the theory of the defense, and requested that the same be given to the jury: "(1) The jury are instructed that there is no evidence in this case which will warrant you in finding that the defendant was negligent at the time of said fire in using what is known as the 'Diamond Stack,' nor is there sufficient evidence from which you can find that the defendant was negligent in failing to have its engine equipped at that time with what is known as the 'Extension Front End.' The plaintiff has failed to show that the Diamond stack was not a proper and approved appliance for the prevention of the escape of sparks at the time of said fire. (2) If you believe, from a preponderance of the evidence in this case, that the witness O'Herran has testified falsely as to the fact that John Daley was with him at the time he claims to have discovered the lump of coal referred to in his testimony, then you are at liberty to reject and disregard the testimony of said O'Herran as to the finding of said lump of coal at the time in question." The foregoing instructions were neither given nor refused, but were, without the consent of counsel, materially changed, and given to the jury as coming from appellant, as follows: "The defendant also requests the court to give you certain instructions, requested by it, which the court will give and read to you at the present time." Then follows instruction No. 1, as above quoted, down to and including the expression "extension front end," where, without hesitation or explanation, instead of the recital: "The plaintiff has failed to show that the Diamond Stack was not a proper and approved appliance for the prevention of the escape of sparks at the time of said fire," the court gave, as a part of appellant's instruction, and in place of the eliminated portion thereof, the following: "Meaning by this instruction the style and device known as the 'Diamond Stack', not meaning that the particular stack was in perfect condition. That is a question for you to decide." To instruction No. 2, above

quoted, the court in the same manner added and gave, as purporting to come from appellant, the following: "Unless you believe he is corroborated in regard thereto by other testimony and the circumstances of the case."

Section 248, of the Code of Civil Procedure (Comp. Laws, § 5048), provides that, "when instructions are asked which the judge cannot give, he shall write on the margin thereof the word 'Refused', and such as he approves he shall write on the margin thereof the word 'Given'; * * * and all instructions asked for by counsel shall be given or refused by the judge, without modification or change, unless such modification or change be consented to by the counsel asking the same." The mischief resulting from the giving of an adverse instruction as eminating from a litigant, the recitals and import of which have been changed without his knowledge or consent, so that, at a critical moment, when the lips of his counsel are sealed, it evidences an abandonment of the theory upon which his case was tried, is too obvious to justify comment. A case was before the territorial court in which it does not appear that the modified instruction was given as that of the party making the request, and yet, in construing the statute, the court said. "A party is entitled to a direct response, in the mode provided by Section 248 of the Code of Civil Procedure, to his requests for specific instructions to the jury; and the court failing to indorse the requests as either 'Given' or 'Refused', but giving a part of such requests with modifications, held error, for which this court will reverse." Galloway v. McLean, 2 Dak. 372, 9 N. W. 98. The statute under consideration is clear, concise and mandatory, and was enacted to prevent just what was inadvertently done in this case. Other points presented require no attention. The judgment is reversed, and a new trial is awarded.