## STATE V. HELLEKSON.

1. An information for grand larceny which charges that defendant by fraud and stealth did steal, take, and carry away, with intent to deprive the owner thereof, a cow of the value of $25, which was the property of S., is a sufficient statement of facts, under Comp. Laws, § 6780, defining larceny, and a sufficient allegation of taking possession of the property alleged to have been stolen.

2. An information is not invalid for omitting the word "the" from the concluding clause, "against the peace and dignity of the state," as such formal clause is unnecessary.

3. The failure of the court, on the trial of a criminal case, to indorse its ruling on a requested instruction, as required by Comp. Laws, § 7405, will not prevent a review of its action in not giving such instruction.

4. The state's attorney, who had been connected with the case, as defendant's attorney, before his election, appeared for the defendant, and another attorney appeared for the state. The state's attorney explained the reasons for his appearing for the defendant to the jury, and the attorney for the prosecution then referred to such fact. *Held,* that it was not error for the court to refuse to charge that the appearance of the county attorney for the defendant should not prejudice the rights of the defendant, as defendant could have avoided such a result by employing another attorney.

5. Where a requested instruction in a criminal case would be meaningless if not modified, its refusal is not error.

(Opinion filed June 20, 1900).

Error to circuit court, Lyman county. Hon. FRANK B. SMITH, Judge.

John M. Hellekson was convicted of grand larceny, and from the judgment he brings error. Affirmed.

The facts are stated in the opinion.

*S. H. Wright* and *I. N. Auld,* for plaintiff in error.

*John L. Pyle,* Attorney General, *Alva E. Taylor, J. G. Bartine* and *J. F. Hughes,* for defendant in error.

A court takes judicial notice of the counties embraced within its own jurisdiction. U. S. v. Beebe, 2 Dak. 292; 1 Greenleaf on Evidence, § 6.

HANEY, J. Defendant was convicted upon an information containing the following allegations: "That John Hellekson, late of said county, yeoman, on the 15th day of February, 1898, at the county of Presho, then an unorganized county attached to Lyman county for judicial purposes, now a part of Lyman county, South Dakota, did then and there, willfully and feloniously, by fraud and stealth, and with intent to deprive the owner thereof, take, steal, and carry away certain personal

property, to-wit, one red cow, the same being a neat cattle beast, of the value of twenty-five dollars, the property of K. E. Selland, and not the property of said John Hellekson, contrary to the form of the statute in such case made and provided, and against peace and dignity of the State of South Dakota." It is contended that this information does not state facts sufficient' to constitute a public offense, in that it fails to allege the taking possession of the property alleged to have been stolen, and that it does not ''conclude against the peace and dignity of the State of South Dakota." A mere inspection of the information shows that it contains all of the facts constituting the crime of grand larceny in this state. Comp. Laws, § 6780. The omission of the article ''the'' from the concluding clause would not be a fatal defect if such clause were material. As any formal clause of that character is wholly unnecessary, there is no force whatever in defendant's contention. The circuit court did not err in overruling his objections to the information.

It appears of record that John G. Bartine, Esq., who was appointed by the court to prosecute this action, was state's attorney of Lyman county when the prosecution was begun; that I. N. Auld, Esq., the present state's attorney of that county, represented defendant at the preliminary examination before the committing magistrate, which circumstances were explained by Mr. Auld in his argument to the jury on behalf of the defendant; that Mr. Bartine, in closing for the government, referred to the fact that the state's attorney was representing the defendant; and that counsel for defendant, before the closing of Mr. Bartine's argument, presented to the court the following written charge, which was neither given in terms

nor in substance, nor was the same marked "Refused" or "Given": "Now comes the defendant above named, and, in view of the fact that counsel for the state (Mr. Bartine) referred to the fact that the present state's attorney of Lyman county represents the defendant, requests the court to call the attention of the jury to the fact that since the present state's attorney was the attorney for the defendant when this action was initiated, and prior to his election to said position, there is nothing in his appearance herein that should prejudice the defendant's rights herein." To the action of the court in the premises the defendant duly excepted. The failure of the court to mark this request was evidently inadvertent, as numerous other requests were properly marked. The statute contains the following: "Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon each charge presented and given or refused the court must indorse or sign its decision. If part of any written charge be given and part refused the court must distinguish, showing by the indorsement or answer what part of each charge was given and what part refused." Comp. Laws, § 7405. When this statute was adopted the method of saving exceptions was entirely different from that now followed in this state. The purpose of requiring each request to be indorsed by the trial judge as given or refused was to identify the paper upon which the request was written, and thus prepare and preserve a record of the proceedings relating to this feature of the trial. Whether any written request to charge, lying upon the judge's desk, has been indorsed or not, cannot possibly influence the minds of the jurors. The substantial

rights of the accused are only affected by what is read to or sent out with the jury when they retire for deliberation. Of course, he is entitled to have each of his requests given without modification, or substantially covered by the charge of the court; and he is entitled to a record which will show precisely what requests were made, what charges were given, and what refused. None of these rights has been infringed in this action. The court's failure to read the request quoted above should be regarded as a refusal to give it. If presented in time, the judge might with propriety have marked it "Refused" at any time before settling the bill of exceptions, or, as he did in this case, save defendant's rights by making the record show that a timely request to charge was not complied with; and the question arises whether the requested charge should have been given, the record showing that the matter involved therein was not called to the attention of the jury by the court in any manner whatever. Nothing herein conflicts with what was decided in Galloway v. McLean, 2 Dak 372, 9 N. W. 98, or in Peart v. Railway Co., 8 S. D. 431, 66 N. W. 814; Id. 8 S. D. 634, 67 N. W. 837. Assuming that the practice regulating requests to charge should be the same in civil and criminal actions, the case at bar is easily distinguished from those cited In those cases the requested charge was given, in a modified form, as the charge of the party. In each of those cases there was something more than a mere technical departure from the required mode of procedure; there was an invasion of substantial rights, of a nature well calculated to influence the action of the jury. There is nothing of that kind in this case. If defendant's request should have been complied with, he can have the judgment below reversed upon the record before us as well

as if his written charge had been properly indorsed. Where he is given a bill of exceptions containing his request to charge, containing a statement that it was presented in due time, and showing that it was neither given in terms nor in substance, he has the benefit of every substantial right intended to be secured by the statute, and no just cause for complaint because of the judge's inadvertent omission to identify a paper presented to him at or near the close of the trial.

Was it reversible error to refuse to give the charge as requested? We think not. The record discloses that the attorney for the defendant opened the discussion relating to his official position, and explained his relations to the litigation, while the attorney for the state merely alluded to the fact that the state's attorney was acting for the defense—a fact well known to all the jurors. Any proper allusion to the subject by the court would have placed the defendant in a less favorable position than he was left by the argument of counsel and the existence of a necessarily well-known fact. Although the statute, so far as we are aware, does not in terms prohibit an attorney, who assumes the duties of state's attorney after having been retained to defend a person charged with crime, from continuing to act for the accused, it is our opinion that he ought not to do so under any circumstances; and, if his doing so operates to prejudice the jury against the accused, it is a situation which should be avoided by the accused, and not by the court by means of a charge which would tend to sanction or encourage state's attorneys in placing themselves in a position inconsistent with the proper discharge of their official duties. For another and conclusive reason, the failure to give this written charge was not reversible error. As presented,

its language would have been meaningless if read to the jury without modification, and such requests should always be refused unless the form of the proposed charge is such that it can be read without change.

We have carefully examined all the requests for instructions which were refused, and find that all of them that should have been given were covered by the very fair and comprehensive charge of the learned circuit court. There are no other assignments of error which merit discussion. We think there was sufficient evidence to warrant the conviction, and that the judgment of the lower court should be affirmed. It is so ordered.