## STATE, Respondent, v. MITCHELL, Appellant.

### (192 N. W. 487.)

(File No. 4992.   Opinion filed March 7, 1923.)

1. **Jury—Challenges—Statute Regulating Challenge of Jurors For Cause Liberally Construed in Defendant's Favor.**

    Rev. Code 1919, Sec. 4859, providing that in a challenge of a juror for actual bias the cause stated must be alleged, but no juror is disqualified for forming or expressing an opinion founded on rumor, if it appears that he can and will act impartially on the matters submitted, should be liberally construed in defendant's favor, and any doubt as to a juror's fairness should be resolved for defendant.

2. **Criminal Law—Jury—Trial Court's Discretion as to Venireman's Qualification Must be Abused Before Supreme Court Will Interfere.**

The trial court is vested with a broad discretion in regard to venireman's 'qualification to act as a juror and the extent to which he may be examined therefor, and, unless there has been an abuse of the discretion or defendant prejudiced by denial of a challenge, the Supreme Court will not interfere.

3. **Jury—Challenge—Denial of Challenge of Venireman for Cause Held Proper.**

Where a venireman stated he had formed an opinion as to defendant's guilt which was based on rumor, but could try the case and decide it exclusively on the evidence, although it would have been better to have allowed a challenge for cause, there was no error in refusing to allow such challenge, when it appeared to the court he was merely trying to escape jury service.

4. **Criminal Law—Jury—Question of Reasonableness of Defendant's Examination of Venireman Not Presented For Review.**

Where a venireman was examined by defendant as to his qualification and challenged for cause, which was denied, and thereafter defendant re-examined and again challenged for cause, which was again denied, and no further effort was made; nor was request made for leave to further examine, no question as to the court's unreasonably limiting the examination is presented for review.

5. **Criminal Law—Instructions—Trial—Recalling Jury to Deliver Written Instructions, Overlooked When They Retired, Not Ground For Reversal.**

Where by oversight written instructions in a prosecution for grand larceny were not taken to the jury room when the jury retired, recalling the jury to the courtroom and delivering the instructions, with direction that they should retire and read them before arriving at a verdict, while a technical violation of Rule 25, was not ground for reversal, where no harm resulted to defendant in view of Rev. Code 1919, Sec. 5044, providing for the disregard of technical errors.

6. **Criminal Law—Newly Discovered Evidence—Newly Discovered Evidence as Ground For New Trial Held Cumulative, and Not Likely to Change Result.**

In a prosecution for larceny of cattle, there was no error in refusing a new trial where newly discovered evidence relied on was cumulative and not likely to change the result.

7. **Criminal Law—Newly Discovered Evidence—Defendant Held Not to Have Shown Proper Diligence to be Entitled to New Trial.**

Where in a motion for new trial defendant's excuse for not having looked up alleged newly discovered evidence was that the information charged theft of cattle on June 22, and that he did not not know the proof would show theft on June 24,

but the evidence shows that defendant was not misled by the date in the information, a proper degree of diligence in securing the evidence for trial was not shown to entitle him to another trial.

Appeal from Circuit Court, Marshall County; HON. FRANK ANDERSON, Judge.

George D. Mitchell was convicted of grand larceny, and he appeals. Affirmed.

*Gardner & Jones,* of Britton, for Appellant.

*Byron S. Payne* and *Benj. D. Mintener,* both of Pierre, for Respondent.

(3) To point three of the opinion, Appellant cited: Schribner v. State (Okla.), 35 L. R. A. (N. S.); 1 Bishop Criminal Procedure, par. 909; 16 R. C. L., p. 262; Haugen v. Chicago, Milwaukee & St. Paul R. R. Co., 53 N. W. 796; Reynolds v. The U. S., 98 U. S. 145; State v. Meeker, 54 Vt. 112; Balbo v. People, 80 N. Y. 484; Cox v. People, 80 N. Y. 500; Baldwin v. State, 12 Mo. 223; Ortwein v. Con, 18 Am. Rep. 420; People v. Walsh, 49 Cal. 174; State v. Lawrence, 38 Iowa 51; State v. Start, 60 Kan. 56; 16 R. C. L., p. 265.

Respondent cited: State v. Church, 6 S. D. 89, 60 N. W. 143.

(4) To point four, Appellant cited: Wilson v. State, 128 N. W. 38; Bayse v. State, 63 N. W. 811; Monegham v. Insurance Company, 18 N. W. 800.

(6) and (7) To points six and seven, Appellant cited: Grain Company v. Johnson, N. D. 1917, 165 N. W. 977; Aylmer v. Adams, 153 N. W. 419; 29 Cyc. 918; Spelling, New Trials, 207; First National Bank v. Davison, 161 N. W. 281.

Respondent cited: Territory v. Pratt, 6 Dak. 483; 43 N. W. 711; State v. Keeker, 54 Vt. 112; State v. Gregory, 31 S. D. 425; People v. Williams, 242 Ill. 197, 89 N. E. 1030; State v. Sonnenschein, 37 S. D. 139.

POLLEY, J. [1] Appellant was convicted of grand larceny, and assigns four separate grounds for a new trial. His first ground is the denial of his challenge for cause to one of the veniremen. This venireman on his voir dire testified that he had read newspaper accounts of the charge against appellant, and that

he had talked with parties who purported to narrate the facts relative to the larceny, but that he had not talked with any of the witnesses or any one who knew the facts other than from hearsay or rumor. He testified that from the information he had gained from the above sources he had formed an opinion as to the guilt or innocence of appellant, and that he still entertained such opinion, and that it would take some evidence to remove it. He also testified that if sworn as a juror he would try the case and decide it "entirely and exclusively on the evidence" produced in court. He further testified that he entertained no doubt of his ability to set aside such opinion as he had formed and try the case wholly upon the evidence. Section 4859, Code 1919, reads as follows:

"In a challenge for implied bias, one or more of the causes stated in the second preceding section must be alleged. In a challenge for actual bias, the cause stated in the second subdivision of the third preceding section must be alleged; but no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon the matters to be submitted to him. The challenge may be oral, but must be entered upon the minutes of the court."

[2, 3] This section should be liberally construed in favor of the defendant in a criminal case, and if the trial court has any doubt as to the venireman's ability to fairly and impartially try the case, such doubt should be resolved in favor of the defendant; and in this case, as in State v. Church, 6 S. D. 89, 60 N. W. 143, we think it would have been better to have allowed the challenge. But the trial court is vested with a very broad discretion in regard to a venireman's qualification to act as a juror, and the extent to which he may be examined touching such qualification; and, unless it be clearly shown that such discretion has been abused, or that defendant has been prejudiced by the denial of the challenge, this court will not interfere. The trial court is able to judge to a large extent from the general appearance and conduct of a venireman whether he is competent to act as a juror, and where

it appears, as it evidently did in this case, that a juror who was really qualified to try the case was trying to escape jury service without actually committing perjury, it is proper for the court to deny the challenge. On the other hand, the court should exercise extreme caution not to jeopardize a verdict where any doubt exists as to a venireman's qualification to act as a juror.

[4] Under this head, appellant also contends that the court unreasonably limited his examination of said veniremen. We find nothing whatever in the record upon which to base this contention. Counsel for appellant examined the venireman and challenged him for cause. The challenge was denied. Counsel then re-examined him and renewed his challenge. The challenge was again denied. No further effort to examine him appears to have been made, nor was any request made for leave to further examine him. This presents nothing for the court's consideration.

[5] By an oversight on the part of the court the written instructions were not taken by the jury to the jury room when they retired to consider the case. This fact was discovered before the return of the verdict. Upon such discovery, the jury was immediately called into the courtroom. The written instructions were delivered to them, with the direction by the court that they, the jury, should retire to the jury room and read such instructions before arriving at their verdict. This direction appears to have been obeyed. The failure to send these instructions out with the jury, while a technical violation of rule 25, was at most the result of a mere oversight that was corrected as soon as discovered. It is not claimed that any harm resulted to appellant; hence no ground for reversal. Section 5044, Code 1919.

[6] One of the grounds upon which the appellant seeks a reversal is newly discovered evidence. That certain cattle, the subject of the larceny involved, were actually stolen from the complaining witness and shipped from Ludden, N. D., to Sioux City, Iowa, by appellant, and there sold by him, is not disputed. The cattle were driven from the owner's pasture to Ludden, and there loaded into cars by two parties, Salmon and Hastings by name, who pleaded guilty to the theft of the cattle and testified at the trial on behalf of the state. These parties testified that appellant himself took the cattle out of the pasture and gave the

witnesses direction to drive them to Ludden and there load them onto cars. Appellant claimed that he employed the witnesses to take certain cattle of his own that were then being kept by the witness Hastings in his (Hastings') pasture. Appellant denied that he took the cattle out of the pasture himself as claimed by Hastings and Salmon, or that he was present when it was done, or saw them at any time, while they were being driven by said witnesses, or that he knew that the cattle that were being shipped were not his own. The information charged that the cattle were taken on the evening of June 22d, while the evidence shows, and it appears to be a conceded fact, that the theft occurred on the evening of June 24th. Hastings and Salmon drove the cattle away in the direction of Ludden, and continued with them until nearly daylight on the morning of the 25th, when Hastings rode back to his home, where he cultivated corn the greater portion of the day. Salmon remained all day with the cattle, and Hastings rejoined him in the evening. They drove the cattle into Ludden after dark that evening, and loaded them on the cars early next morning, and they were shipped out immediately. Appellant was in Ludden about noon on the 25th, at which time he made arrangements for cars for the shipping of the cattle as soon as they were loaded. There was evidence on behalf of the state to the effect that appellant went to the home of the witness Hastings during the evening of the 24th, and that he was accompanied by a man named Lane. Appellant and Lane both emphatically deny that they were there at that time, and there was evidence on the behalf of the appellant to the effect that both he and Lane were at other places at the identical time they are claimed to have been at the Hastings home, and that appellant is claimed to have taken the stolen cattle from the pasture of the complaining witness. The newly discovered evidence offered by appellant is directed to the proving of this one fact.

[7] We do not believe the showing made on this ground is sufficient to warrant a reversal. In the first place, the evidence is cumulative. In addition to the testimony of the appellant himself, four other witnesses testified that appellant was elsewhere than at the home of Hastings on the evening of June 24th, and five witnesses testified that the said Lane was at another place at that time. In view of this testimony, we cannot say there is any like-

lihood that a different verdict would result from another trial, nor do we think appellant has shown the proper degree of diligence to entitle him to another trial. His excuse for not having looked up this evidence before the trial is that the information charged the commission of the theft on June 22, and that he did not know that the proof would show the offense had been committed on the 24th. We do not believe appellant was misled by the date in the information. He directed the taking of the cattle. He knew when they were to be taken from the pasture, and when they would arrive at Ludden. He saw them, or was in their immediate vicinity about noon on the 25th. He could not help but know before the trial that the evidence would show that the theft was committed on the evening of June 24th, and in the exercise of reasonable diligence would have prepared his defense accordingly.

No prejudicial error appearing in the record, appellant's motion for new trial was properly denied.

The judgment and order appealed from are affirmed.

ANDERSON, P. J. not sitting.

Note—Reported in 192 N. W. 487. See American Key-Numbered Digest, (1) Jury, Key-No. 103(11); (2) Criminal Law, Key-No. 1152(2), Jury, 16 R. C. L. 289; (3) Jury, Key-No. 103(14); (4) Criminal Law, Key-No. 1035(6), 17 C. J. Sec. 3332; (5) Criminal Law, Key-No. 1186(4), 17 C. J. Sec. 3711; (6) Criminal Law, Key-No. 938(1), 16 C. J. 2727, Newly Discovered Evidence, 20 R. C. L. 295; (7) Criminal Law, Key-No. 939(1), 16 C. J. Sec. 2720.

On summoning biased or otherwise improper jurors or talesmen as a contempt, see note in 20 L. R. A. (N. S.) 1013.

On cumulative evidence as ground for new trial in criminal cases, see note in 46 L. R. A. (N. S.) 903.