STATE, Respondent, v. GIFFEN, Appellant.

(267 N. W. 229.)

(File No. 7846.   Opinion filed May 26, 1936.)

*Atwater & Helm,* of Sturgis, for Appellant.

*Walter Conway,* Attorney General, *Laurence Dimsdale,* Assistant Attorney General, and *John P. Everett,* State's Attorney, of Sturgis, for the State.

PER CURIAM.   This is an appeal from a judgment of conviction of the defendant of the crime of arson.   The defense is the insufficiency of the evidence to support the verdict.

The property that was burned was owned by defendant and was insured against loss by fire. Evidence was introduced by the state tending to show that defendant approached two different parties with the proposition that they burn the property in order that she might collect the fire insurance.

██ ██ It was incumbent upon the state to prove that the fire was of incendiary origin, and that the defendant or some one acting on her behalf caused the fire. The evidence is wholly circumstantial and the defendant claims that: "Conceding all the facts and circumstances proven by the state to be true, they are not inconsistent with the innocence of the defendant." The rule established for such cases by this court is as follows: "To warrant a conviction for crime on circumstantial evidence alone, the circumstances taken together should be of a conclusive nature, and leading, on the whole, to a satisfactory conclusion, and pointing to a moral certainty that the accused committed the offense charged; and it is invariably the rule of law that, to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with each other, and consistent with the guilt of the party charged, and such as cannot by any reasonable theory be true and the party charged be innocent; and in this case, if all the facts and circumstances relied upon by the state to secure a conviction can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit the defendant." State v. Guffey, 39 S. D. 84, 163 N. W. 679, approved in State v. Guffy, 50 S. D. 548, 210 N. W. 980.

██ In this case the circumstances shown by the state are as consistent with the innocence of the defendant as with her guilt; therefore the evidence is not sufficient to sustain the conviction and the defendant is entitled to a new trial.

The judgment and order appealed from are reversed.

All the Judges concur.