No. 352.   SHEPPARD v. OHIO.   Supreme Court of Ohio. Certiorari denied.   MR. JUSTICE FRANKFURTER has filed a memorandum in this case.   MR. JUSTICE BURTON took no part in the consideration or decision of this application. *William J. Corrigan* and *Paul M. Herbert* for petitioner. *Frank T. Cullitan* and *Saul S. Danaceau* for respondent.

MR. JUSTICE FRANKFURTER.

The truth that education demands reiteration bears on the understanding, and not only by the laity, of the meaning of the denial of a petition for certiorari.   Despite the Court's frequent exposition, misconception recurrently manifests itself regarding the exercise of our discretion in not bringing a case here for review.   Appropriate occasions may therefore be utilized to make explicit what ought to be assumed.   This is one.

The divided Supreme Court of Ohio sustained the conviction in a capital case the trial of which was enveloped in circumstances thus summarized in the opinion of that court:

> "Murder and mystery, society, sex and suspense were combined in this case in such a manner as to intrigue and captivate the public fancy to a degree perhaps unparalleled in recent annals.   Throughout the preindictment investigation, the subsequent legal skirmishes and the nine-week trial, circulation-conscious editors catered to the insatiable interest of the American public in the bizarre.   Special seating facilities for reporters and columnists representing local papers and all major news services were installed in the courtroom.   Special rooms in the Criminal Courts Building were equipped for broadcasters and telecasters.   In this atmosphere of a 'Roman holiday' for the news media, Sam Sheppard stood trial for his life."   165 Ohio St. 293, 294, 135 N. E. 2d 340, 342.

The defendant claimed that a proceeding so infused and enveloped by the "atmosphere of a 'Roman Holiday' " precluded a fair trial and could not but deprive him of the due process of law guaranteed by the Fourteenth Amendment of the Constitution. The Supreme Court of Ohio rejected this claim and the defendant then invoked the discretionary power of this Court to review the correctness of its decision. This Court in turn now refuses the defendant the opportunity to bring the case here for review.

Such denial of his petition in no wise implies that this Court approves the decision of the Supreme Court of Ohio. It means and means only that for one reason or another this case did not commend itself to at least four members of the Court as falling within those considerations which should lead this Court to exercise its discretion in reviewing a lower court's decision. For reasons that have often been explained the Court does not give the grounds for denying the petitions for certiorari in the normally more than 1,000 cases each year in which petitions are denied. It has also been explained why not even the positions of the various Justices in such cases are matters of public record. The rare cases in which an individual position is noted leave unillumined the functioning of the certiorari system, and do not reveal the position of all the members of the Court. See *Maryland* v. *Baltimore Radio Show,* 338 U. S. 912.