**Jo. C. CALHOUN, Jr., and Esther C. Young, etc.**

v.

**J. I. CASE COMPANY.**

Civ. No. 33233.

United States District Court
N. D. Ohio, E. D.

Feb. 21, 1957.

Bates, Teare & McBean, Cleveland, Ohio, for plaintiff.

Robert W. Poore, Cleveland, Ohio, for defendant.

PAUL JONES, Chief Judge.

Defendant moves the court for an order dismissing this action or in the alternative transferring it to the Eastern District of Wisconsin, on the ground of improper venue under 28 U.S.C.A. § 1406.

The gist of this controversy seems to lie in whether the special venue provisions of 28 U.S.C.A. § 1400(b) relating to patent infringement suits are modified in effect by the general venue provisions of 28 U.S.C.A. § 1391(c) relating to suits against corporations. The first states that a patent infringement suit may be brought in the district where the defendant resides, or has committed acts of infringement and has a regular and established place of business. The second states that a corporation may be sued in any district in which it is incorporated or licensed to do business or is doing business. Does the fact that the defendant in a patent infringement action is a corporation modify the special patent infringement venue statute, or is that statute exclusive of other venue provisions?

The latest pronouncement of the United States Supreme Court appears to be the decision rendered in Cardox Corp. v. C-O-Two Fire Equipment Co., 1952, 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668, affirming by an equally divided court C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410. Subsequent to this, in Guiberson Corp. v. Garrett Oil Tools, 346 U.S. 866, 74 S.Ct. 137, 98 L.Ed. 390, the high court denied certiorari where the Fifth Circuit, 205 F.2d 660, held opposite to the C-O-Two case. Recently certiorari was granted in another case holding opposite to the C-O-Two case and in accord with the Guiberson case—Fourco Glass Co. v. Transmirra Products Corp., 352 U.S. 820, 77 S.Ct. 68, 1 L.Ed.2d 45. Decision has not yet been rendered in this last case.

■ No significance can be attached to either the denial or granting of certiorari by the Supreme Court in any case. Sheppard v. State of Ohio, 352 U.S. 910, 77 S.Ct. 118, 1 L.Ed.2d 119.

■ The Sixth Circuit Court of Appeals has recently decided the case of Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774. The apparent inconsistency between Barber-Greene and the Cardox case is explained by the fact that the Barber-Greene case is an action for declaratory judgment and not technically a suit for patent infringement. Of course the special patent infringement venue provisions do not apply to a declaratory judgment action even if such action involves a patent.

Since it is apparent that the plaintiff would be considerably inconvenienced by the transfer of this action to the Eastern District of Wisconsin, and apparently the plaintiff would not be harmed by the dismissal of this action so that he may refile the action in an available forum of his own choosing, the motion to dismiss will be granted without prejudice to either party.

**On Motion to Alter Judgment**

Plaintiff moves the court for an order altering the Order of this court dated January 31, 1957, dismissing the above entitled action.

█ It is adequately stated in the Memorandum of January 30, 1957, upon which the said Order is based that the reason for dismissing the action rather than transferring it was to suit plaintiffs' presumed preference by preserving for him whatever remained of his right to choose his forum. Since it appears that plaintiff would rather have the case transferred than dismissed, the court is willing to grant this request.

Accordingly, the motion under Rule 59, Fed.Rules Civ.Proc. 28 U.S.C.A. will be granted and the Order of January 31, 1957, being an "order from which an appeal may be taken" Federal Rules of Civil Procedure, Rule 54(a), shall be vacated and a new order entered transferring the case to the Eastern District of Wisconsin.