Per Curiam.

With the exception of paragraph 7 (a) 4, all the matters alleged in the amendment to petitioner’s peti *553 tion were considered by this court on the appeal from the conviction of petitioner. State v. Sheppard, 165 Ohio St., 293, 135 N. E. (2d), 310, certiorari denied, 352 U. S., 910, 1 L. Ed. (2d), 119, 77 S. Ct., 118. They were undoubtedly all presented to the Supreme Court of the United States when application for certiorari was made to that court. It is not the function of habeas corpus to provide another complete review for matters once considered and passed on in an appeal.
In substance, petitioner alleges in paragraph 7 (a) 1 of his amended petition that, although the state offered evidence that tests of blood found on the wrist watch of the murdered woman were inconclusive, the original laboratory record in the coroner’s office shows that those tests revealed the presence of a “B” factor in the blood taken from the watch, and that this evidence was concealed by “the authorities in charge of the case.”
Mary Cowan, a medical technologist in the office of the Cuyahoga County coroner, testified on direct examination in the original trial, in part as follows (volume 8 of the transcript of testimony was left with the court by consent of counsel at the time of oral argument herein):
“Q. Now, did you attempt to type that blood, Miss Cowan, that was found on the watch? A. I attempted a crust typing with the OAB group, and it was inconclusive. * * *”
On cross-examination by counsel for petitioner, Miss Cowan testified in part as follows:
“Q. Now, you had a different type of blood, then, in regard to Marilyn and the two watches? A. No, sir. Marilyn Sheppard’s blood also had the M factor in it.
“Q. Well, the two watches didn’t have the O factor in it? A. That, I couldn’t say. The typings for the OAB grouping were inconclusive.”
At this point, counsel abandoned his cross-examination along this line and proceeded to another line of questioning concerning the technical procedures in typing blood samples and to a line of questioning concerning the removal and testing of blood stains found in petitioner’s home.
It is difficult to believe that counsel as competent as those *554 who conducted the petitioner’s defense would have abandoned a line of cross-examination on a material point if there were any reason to believe that pursuance of such line of questioning would have been beneficial to their client. That later reflection may have induced a belief that further cross-examination was desirable is hardly reason to support the granting of relief in habeas corpus.
It is contended by petitioner, in connection with his claim of concealment of material evidence, that an original record of the coroner’s office, namely, a laboratory card on which was reported the tests made of the blood on Marilyn Sheppard’s watch, “was not made available to the defense, nor did the defense know of its existence, before the trial.” Petitioner in his brief states:
<<# # # ^ prosecutor put Mary Cowan on the stand. The prosecutor did not offer this card in evidence. Without producing the card Mary Cowan testified that tests had been made of the blood on the murdered woman’s watch and that the results were ‘inconclusive.’ On cross-examination she reiterated that the tests were inconclusive.”
The card referred to above was one of 28 cards upon which were recorded tests made by the office of the coroner. The following excerpts of testimony concerning these cards are in the record:
“The Court: Perhaps we better have a few minutes’ recess at this point, although it is a few minutes early, perhaps.
“Miss Cowan, Mr. Garmone would like to see some notes that you had and which you used in connection with some testi-. mony that , you gave yesterday. Would you be kind enough to let Mr. Garmone have those?
“Mr. Parrinor: We have no objection, your honor.”
From the testimony of Dr. Gerber, the coroner, appears the following, as elicited by counsel for petitioner:
“Q. Now, does that complete the records of the receipts and of all the things received in the county coroner’s office in this case? A. That completes the record of all the things associated with the Sheppard home. Now, here are some cards that take into consideration other items that are brought in, and *555 there might be some repetition of this here. There are 28 cards there.
“Mr. Corrigan: Well, I think we will mark them and then we will separate them, and if they are duplicates we will return them.
“(Defendant’s exhibits WW-1 to WW-28, being coroner’s record cards, were marked for identification.)
“Q. WW-1 to 28, are those records of the coroner’s office kept in the usual course of business? A. Yes, sir.
“Q. I want to look at them and see if I want to introduce them into the record. 1 don’t want to be encumbering the record with cards, if we have got a duplication. I will look at them and then I will determine that after recess.
<<# * •
“The Court: Then we will deal with those. Defendant’s exhibits GGGG down to defendant’s exhibit XXXX will be received, and with the understanding that photostatic copies may be made and substituted, with opportunity, however, for counsel to check them.
“Mr. Danaceau: Oh, yes.
“(Defendant’s exhibits GGGG to XXXX were offered and received in evidence.)
“Q. Now, Doctor, do you want to take these back and get photo static copies sent to us? A. I will have them delivered, yes.
“Q. Now, the cards. I think I will look at them and give them to you tomorrow morning, and we will find out if we want photostatic copies.”
Whatever the reason that no exhibit number appears on the card in question, the above testimony clearly indicates that not only was there no concealment of this piece of evidence by any of “the authorities in charge of the case,” but that the card, along with others in the series, was actually turned over to counsel for petitioner during his trial and by them introduced in evidence in his behalf at that trial. Thereafter, the cards so introduced were taken by one of counsel for petitioner to be examined by him overnight.
That there was no concealment is further evidenced by *556 the fact that the attorney for petitioner who presented the appeal to this conrt had the card in question in his possession at the time of his oral argument to the court more than two years prior to the institution of the instant action and exhibited it to the court during that argument. This fact is now conceded by the petitioner in the reply brief which he filed in connection with his motion for the return of exhibits.
Furthermore, in the application for rehearing following this court’s affirmance of the judgment of the Court of Appeals, as one of the bases for rehearing appears the following:
“(A) There was evidence of two groups of blood on Mrs. Sheppard’s wrist watch. Her own group 0 and another group AB. She could not according to science have both groups in her blood stream. The blood group, not hers, was not that of defendant. It would seem that this circumstance would be inconsistent with a verdict of guilty.”
The motion to dismiss the petition is sustained.
Counsel for petitioner have also filed a motion in this case and in case No. 34615 (the original appeal to this court) to require the Prosecuting Attorney of Cuyahoga County to turn over to the clerk of this court or to the Clerk of the Common Pleas Court of Cuyahoga County all the exhibits and other records in the case of State v. Sheppard, supra. At the time the appeal was decided by this court, the cause was remanded to the Court of Common Pleas with instructions to carry its judgment into execution. Nothing further then was, or since has been, pending in this court in connection with that case. The motion made in case No. 34615 is, therefore, overruled. And inasmuch as the petition in habeas corpus is being dismissed in accordance with this opinion, there is no need for having said exhibits turned over to the clerk of this court.
In view of this judgment, all other motions filed herein to stay rulings on petitioner’s motion for return of exhibits and to advance the hearing on exceptions to the depositions, and the exceptions to the depositions are overruled.

Petition dismissed.

Weygandt, C. J., Zimmerman, Tart, Matthias, Bell, Herbert and Peck, 33., concur.