**Joseph JACKSON**

v.

**State of MAINE**

**No. CIV.03–105–B–W.**

United States District Court, D. Maine.

Jan. 27, 2004.

---

Benet Pols, Brown & Pols, Brunswick, ME, for Joseph Jackson, Petitioner.

Donald W. Macomber, Assistant Attorney General, Augusta, ME, for Warden, Maine State Prison, Respondent.

### ORDER DENYING CERTIFICATE OF APPEALABILITY

WOODCOCK, District Judge.

On January 6, 2004, this Court issued an order accepting the Recommended Decision of the Magistrate Judge to deny the Petitioner's 28 U.S.C. § 2254 petition (Docket # 10). The Petitioner now seeks a certificate of appealability under § 2254(c)(3) because, he claims, "the Apprendi doctrine may yet be applied retroactively," (*See* Pet.'s Mot. at 5 (Docket # 13)). For the reasons discussed below, the Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Motion for a Certificate of Appealability is DENIED.

### Background

The facts in this matter have been well laid out in Magistrate Judge Kravchuk's Recommended Decision and do not bear repetition. The Petitioner's current argument relies primarily on the United States Supreme Court's December 1, 2003 grant of certiorari in *Schriro v. Summerlin*, —— U.S. ——, 124 S.Ct. 833, 157 L.Ed.2d 692 (granting review of *Summerlin v. Stewart*, 341 F.3d 1082 (9th Cir.2003)). Since the Supreme Court granted certiorari in *Summerlin* after the Magistrate Judge issued her Recommended Decision, this Court will address Petitioner's argument to the extent it is based on the action of the Supreme Court in *Summerlin*.

To begin, the Petitioner concedes the First Circuit, in *Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir.2003), ruled the *Apprendi* doctrine does not apply retroactively to cases on collateral review. (*See* Pet.'s Mot. at 6 (Docket # 13)) ("The Court of Appeals for this circuit ... held ... that the ruling in [*Apprendi*] cannon be applied retroactively to collateral review of older convictions") (emphasis in original). Undaunted, he points to *Sum-*

*merlin,* the Ninth Circuit case now before the Supreme Court. In *Summerlin,* the Ninth Circuit applied *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), retroactively to vacate a state court decision to impose the death penalty. The *Summerlin* court reasoned that because *Ring* announced a substantive, not procedural, rule, *Ring* should be applied retroactively. 34 F.3d at 1102. The Petitioner argues that (1) "*Ring* is based four-square on *Apprendi* " (*See* Pet.'s Mot. at 2 (Docket # 13)); (2) *Summerlin* applied *Ring* retroactively; and (3) the Supreme Court granted certiorari in *Summerlin;* therefore, *Apprendi* "may yet be applied retroactively." (*See* Pet.'s Mot. at 5 (Docket # 13)). This Court does not share the Petitioner's view that the Supreme Court's grant of certiorari in *Summerlin* signals a sea change in the judicial attitude toward retroactive application of *Apprendi* in cases on collateral review.

**Discussion**

■ Though the Supreme Court has not ruled on the retroactive application of *Apprendi,* the case law currently available on the issue could not be clearer. The First Circuit expressed its decision in *Sepulveda* using unusually strong terms:

> We hold, *without serious question,* that *Apprendi* prescribes a new rule of criminal procedure, and that *Teague* does not permit inferior federal courts to apply the *Apprendi* rule retroactively to cases on collateral review.

*Sepulveda,* 330 F.3d at 63 (emphasis supplied). As the Magistrate Judge indicated, all ten other courts of appeal, including the Ninth Circuit, have reached the same conclusion. *United States v. Swinton,* 333 F.3d 481 (3d Cir.2003); *Goode v. United States,* 305 F.3d 378 (6th Cir.2002); *Coleman v. United States,* 329 F.3d 77 (2d Cir.2003); *United States v. Brown,* 305 F.3d 304 (5th Cir.2002); *Curtis v. United States,* 294 F.3d 841 (7th Cir.2002); *United States v. Mora,* 293 F.3d 1213 (10th Cir. 2002); *United States v. Sanchez–Cervantes,* 282 F.3d 664 (9th Cir.2002); *McCoy v. United States,* 266 F.3d 1245 (11th Cir.2001); *United States v. Moss,* 252 F.3d 993 (8th Cir.2001); *United States v. Sanders,* 247 F.3d 139 (4th Cir.2001). The Petitioner does not contest this point; instead, he attempts to orchestrate an end-around of the *Apprendi* case law by directing this Court to the Supreme Court's grant of certiorari in *Summerlin.*

■ However, in *Summerlin,* the Ninth Circuit carefully distinguished its ruling on retroactive application of *Ring* from its ruling on retroactive application of *Apprendi.* 341 F.3d at 1121 (distinguishing between *Ring* as substantive and *Apprendi* as procedural). Further, this Court can attach no significance to the Supreme Court's grant or denial of certiorari in any case. *Calhoun v. J.I. Case Co.,* 150 F.Supp. 189 (D.C.Ohio 1957) (citing *Sheppard v. Ohio,* 352 U.S. 910, 77 S.Ct. 118, 1 L.Ed.2d 119 (1956)); *see also Allison v. Indus. Claim Appeals Office of Colo.,* 884 P.2d 1113 (Colo.1994); *Heaton v. Second Injury Fund (Employer's Reinsurance Fund),* 796 P.2d 676 (Utah 1990) (citing Utah R.App. P. 51(a)). Moreover, the scope of the Supreme Court's grant in this case does not guarantee a review of the retroactive application of *Apprendi,*[1] much less the result the Petitioner urges.

---

1. The Supreme Court limited its grant of certiorari to Questions 1 and 2 presented by the petition for certiorari. *Schriro v. Summerlin,* 2003 WL 22429229, *i (September 23, 2003). Speculating whether the Supreme Court will even consider the *Apprendi* issue illustrates the danger of reading the grant or denial of certiorari like tea leaves. *See* 16B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4004.1 (2d ed.2003).

## Conclusion

A certificate of appealability may issue under 28 U.S.C. § 2253(c) if the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3): Fed. R.App. P. 22(b). Because it is the opinion of this Court that no substantial question would be presented for decision on appeal, the certificate of appealability is DENIED.

SO ORDERED.